Parker C. J.,
in giving the opinion of the Court, said, m substance, that there was abundant authority that in England debt will lie against bail. But if debt may be brought here, (which question we do not decide,[1]) we think it was evidently the intention of the legislature, and according to the usage of the country, that the action should be brought within one year. It is true, the statute of 1784 says nothing about debt, but it is entitled, “ An act regulating Bail in Civil Actions,” and the legislature no doubt thought that the whole subject was before them. Under the colonial system it should seem,, that at one period no way was provided for proceeding against bail. It was provided only, that they should be answerable for one month after judgment against the principal. Anc. Charters &c., 193. Afterwards, in 1672, it was provided that the party and sureties being called and the bond being declared forfeited upon non-appearance, the case should proceed to hearing and judgment, as in case of the defendant’s non-appearance upon attachment of goods ; and if the case should be found for the plaintiff, that execution should issue against the defendant and his sureties, to be in force against the sureties for one month after judgment given. Ibid. So the law continued until the St. 5 W. & *302 M. c. 5, which contains provisions resembling those of the statute now in force. The legislature having there given a new remedy by scire facias, which is to be served upon the surety “ within twelve months after the first trial, and not afterwards,” it is not reasonable to suppose that they intended to make the surety liable for a longer period in a different form of action. In the case of Rice v. Carnes, 8 Mass. R. 490, the Court say, “ if the plaintiffs neglect to sue out their execution, and obtain a return thereof, so as that their scire facias be not served upon the bail within a year from the rendition of the judgment, the bail will be discharged of course.” And there are several cases of scire facias, in which the Court seem to consider that it was the intention of the legislature to limit the suing out of process against bail to one year. If.it were not so, mischievous consequences would follow. The bail are fixed on a return of non est inventus on the execution. If an action may be brought against them fifteen or twenty years afterwards, they will often have to pay the debt on account of the death of the principal. Again, in cases of small amount the debtor often gives security to the officer, and after the expiration of the year the security is returned ; but if this action can be sustained, it will be necessary, for the officer’s protection, to retain the security many years.
It is said that this is not a bail-bond under the statute, be cause there is but one surety. It is true that the officer cannot, by taking such a bond, discharge himself from an action by the party for negligence, but it is equally true that the party may make use of it as a bail-bond.

Plea adjudged good,

 See Baker v Haley, 5 Greenl. 240; Winthrop v. Dockendorff, 3 Greenl. 161.

 It has since been decided, that debt does not lie on a bail-bond in this State. Crane v. Keating, 13 Pick. 339. See M‘Rae v. Mattoon, 10 Pick. 51.